**Fang Mei LI, Petitioner,**

v.

**Alberto GONZALES, Attorney**

General,[1] Respondent.

No. 03–41149–AG NAC.

United States Court of Appeals,
Second Circuit.

Dec. 9, 2005.

Joan Xie, New York, NY, for Petitioner.

David N. Kelley, United States Attorney for the Southern District of New York, John Gura, Lisa Zornberg, Assistant United States Attorneys, New York, NY, for Respondent, of counsel.

Present: JACOBS, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fang Mei Li, a native and citizen of the People's Republic of China, has filed a timely petition for review of a November 19, 2003 decision by the Board of Immigration Appeals ("BIA"). The BIA decision affirmed the August 2002 decision of an Immigration Judge ("IJ") denying Li's application for political asylum and withholding of removal.[2] We assume the

---

1. United States Attorney General Alberto Gonzales is substituted for former Attorney General John Ashcroft as respondent. *See* Fed. R.App. P. 43(c)(2).

2. In the proceedings below, Li also requested withholding of removal pursuant to the Convention Against Torture ("CAT"), which was denied by the IJ and the BIA. Because her

parties' familiarity with the facts, the procedural history, and the scope of the issues presented in the petition for review, which we reference only as necessary to explain our decision.

Where, as here, the BIA summarily affirms the IJ's opinion, this Court reviews the IJ's decision directly, and will defer to the factual determinations made therein where they are supported by substantial evidence. *See Tuwum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305–07 (2d Cir.2003).

■ Substantial evidence supports the IJ's determination that Li has not been subjected to "persecution" as contemplated by the INA. Crediting all of Li's testimony, after government officials learned of her sister-in-law's pregnancy, Li went into hiding for a period of three months. Although Li claims that her brother was sterilized and fined, and that her mother was detained for a period exceeding ten days, Li did not allege that she herself suffered physical violence, *cf. Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir. 2004), and raises a claim of economic deprivation for the first time in this Court, *see Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002) (recognizing that "economic deprivation may constitute persecution"); 8 U.S.C. § 1252(d) (stating this Court "may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right"); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Li has thus failed to establish that she has personally been subjected to past persecution.

■ Moreover, Li is not entitled to relief based on the alleged forced sterilization of her brother. The BIA has held that, under § 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the forced sterilization or abortion of one spouse constitutes an act of persecution against the other spouse and, accordingly, the spouses of those directly victimized by coercive family planning policies are *per se* as eligible for asylum as those directly victimized themselves. *See Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005) (per curiam) (citing *In re C–Y–Z–,* 21 I. & N. Dec. 915, 1997 WL 353222 (BIA 1997) (en banc)). We have recently considered *de novo* whether aliens could claim refugee status on the basis of their relationships to those directly victimized by coercive family planning policies. *See Shao Yan Chen,* 417 F.3d at 305 (holding that children of those directly victimized by coercive family planning policies are not as *per se* eligible for relief as those directly victimized); *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192 (2d Cir.2005) (holding that a parent or parent-in-law of a person persecuted under a coercive family planning policy is not *per se* eligible for political asylum); *but see Shi Liang Lin v. U.S. Dep't of Justice,* 416 F.3d 184, 191 (2d Cir.2005) (remanding a series of cases to the BIA so that the BIA could "more precisely explain its rationale" behind its construction and define if and when non-married partners may be eligible for asylum under § 601(a)).

This Court, in *Ai Feng Yuan,* reached the conclusion that parents or parents-in-law could not establish eligibility for immigration relief based solely on the persecution of their children, reasoning that IIRI-

appellate brief merely recites the legal standard for granting CAT relief without presenting any factual or legal arguments as to why she is so entitled, we deem that claim to be abandoned. *See Norton v. Sam's Club,* 145

F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

RA § 601(a) had been enacted in order to protect procreative rights and "the persecution of a couple's child or child's spouse does not impinge upon the parents' or parents-in-law's right to procreate." *Ai Feng Yuan*, 416 F.3d at 197. Following that reasoning, this Court in *Shao Yan Chen* explained that:

> [T]his reasoning dictates the results of situations in which children seek relief under IIRIRA § 601(a) solely in connection with their parents' persecution. That is to say, because the procreative rights of children are not sufficiently encroached upon when their parents are persecuted under coercive family planning policies, children are not *per se* as eligible for relief under § 601(a) as those directly victimized themselves. *Shao Yan Chen*, 417 F.3d at 305.

In accord with our holdings in *Ai Feng Yuan* and *Shao Yan Chen*, Li cannot establish that she is *per se* as eligible for relief as would be her allegedly victimized brother. This is because the procreative rights of Li were not sufficiently encroached upon when her brother was allegedly persecuted under China's coercive family planning policies. *See id.*

■ Substantial evidence also supports the IJ's finding that Li has failed to establish a well-founded fear of future persecution. As explained above, Li has failed to demonstrate that she has been subjected to past persecution, and therefore she does not enjoy a presumption of future persecution. 8 C.F.R. § 1208.13(b)(1). That determination notwithstanding, the IJ rejected as "pure speculation and conjecture" Li's claim that she had a well-founded fear of future persecution because she might one day marry and have children, and we agree with the IJ's conclusion that it was not objectively reasonable to guess what the future might hold for Li.

Because Li failed to establish her eligibility for asylum, the IJ properly concluded that she was precluded from satisfying the heavier burden for withholding of removal. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 71 (2d Cir.2004).

We have considered all of Li's other claims and find them to be without merit. The petition for review is therefore DENIED, and the pending motion for a stay of removal is DENIED.