**RUI XIA ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1413–ag.**

United States Court of Appeals, Second Circuit.

Jan. 10, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Rui Xia Zheng, New York, New York, for Petitioner, pro se.

Toi Denise Houston, Assistant United States Attorney, for Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, Hammond, Indiana, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Rui Xia Zheng, a native and citizen of the Fujian Province of the People's Republic of China, petitions for review of the order of the Board of Immigration Appeals ("BIA"), affirming a decision of an immigration judge ("IJ"). The IJ rejected the petitioner's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952 ("INA"), *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

While we believe that the IJ properly rejected the petitioner's asylum claim based on past persecution, *see Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (per curiam) (concluding that the children of parents persecuted under coercive family planning policies are not *per se* available for relief under § 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 as those directly victimized themselves, "because the procreative rights of children are not sufficiently encroached upon when their parents are persecuted"), we cannot conclude, at this time, that substantial evidence otherwise supports the results reached by the IJ. Where an applicant is deemed credible and the agency insists on further corroboration, as here, "it should explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo*, 232 F.3d at 290; *see also Secaida–Rosales*, 331 F.3d at 311 (noting that IJ had erroneously faulted petitioner for not producing corroborative evidence without explaining why the evidence should have been reasonably obtainable); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003) (noting that rejection for lack of corroboration requires IJ and BIA to identify particular corroborating evidence that is lacking and show that such

evidence was reasonably available to the petitioner). A review of the IJ's decision and the record reveals that the IJ failed to identify particular corroborating evidence that was lacking or articulate how such evidence would be reasonably available to the petitioner.

Further complicating our review is the IJ's heavy reliance on the published reports prepared by the Department of State, in particular, the observation in the country profile that forced abortions and sterilizations were not documented by U.S. officials. "[W]here a report suggests that, *in general,* an individual in the applicant's circumstances would not suffer or reasonably fear persecution in a particular country, the immigration court may consider that evidence, but it is obligated to consider also any contrary or countervailing evidence with which it is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence." *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004) (emphasis in original). Here, the IJ failed to also consider contrary evidence presented in the record, namely: (1) the observation in the country profile that "[p]oor supervision of local officials who are under intense pressure to meet family planning targets sometimes results in abuse such as forced abortion and sterilization [in the Fujian Province]"; (2) the information in the Canadian report that "[f]orced abortion and forced sterilization are reportedly not tolerated now, although local official[s] acknowledge there were problems with this in the past"; and (3) the allegations by the petitioner's mother that the "birth control policy was conducted very strictly" and that she had "suffered heavy fine and forced sterilization."

The IJ conducted no particularized analysis on the claim for withholding of removal under the INA, because an applicant who cannot meet the standard for asylum, by definition, cannot meet the higher standard for withholding of removal. Because we vacate and remand for further consideration the IJ's determination that the petitioner does not have a well-founded fear of future persecution, we remand on this claim as well. We also remand the claim for withholding of removal under CAT to allow the agency to determine: (1) whether it is more likely than not that the petitioner will be sterilized and/or subjected to lengthy administrative detention upon her return to the People's Republic of China; and (2) if so, whether sterilization or detention constitute torture. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 407 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).