LONG QING CHEN and Bi
Zhu Chen, Petitioners,

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**Docket Nos. 03–40469–ag(L), 03–40470–ag(CON).**

United States Court of Appeals, Second Circuit.

March 3, 2006.

H. Raymond Fasano, Esq., New York, New York, for Petitioners.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Robert A. Zauzmer and Joan L. Markman, Assistant United States Attorneys, Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioners Long Qing Chen ("Mr. Chen") and Bi Zhu Chen ("Ms.Chen") have filed timely petitions for review of an August 12, 2003, decision by the BIA. The

---

**1.** Attorney General Alberto R. Gonzales is substituted as respondent. *See* Fed. R.App. P. 43(c)(2), is substituted for former Attorney General John Ashcroft as the respondent in this case.

BIA decision affirmed the May 2002 decision of an Immigration Judge ("IJ") denying the Chens' applications for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture, *adopted,* S. Treaty Doc. No. 100–20 (1988). We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented in the petitions for review, which we reference only as necessary to explain our decision.

Where, as here, the BIA summarily affirms the IJ's opinion, this court reviews the IJ's decision directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This court reviews the IJ's factual findings under the substantial-evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

■ Substantial evidence supports the IJ's determination that the Chens have not been subjected to "persecution" as contemplated by the Immigration and Nationality Act, 8 U.S.C. § 1158(a). According to Ms. Chen's testimony, she and her husband left China because their parents disapproved of the couple's interfaith relationship. Ms. Chen admitted in her initial asylum application and on cross-examination in her credible-fear interview that, contrary to the story she told at her airport interview, she was never pregnant, never sterilized, never had an abortion, never was physically mistreated, and never had any problems with government officials in China. Although the couple claimed in their amended applications, and Ms. Chen testified at the hearing, that two of Ms. Chen's sisters had been forcibly sterilized by family-planning officials in China, neither alleged that they themselves suffered physical violence. *Cf. Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). The Chens have failed to establish that they have been subjected to past persecution.

Moreover, the Chens are not entitled to relief based on the alleged forced sterilization of Ms. Chen's sisters. *Cf. Shao Yan Chen v. DOJ,* 417 F.3d 303, 305 (2d Cir. 2005) (per curiam) (holding that children of those directly victimized by coercive family-planning policies are not *per se* as eligible for relief as those directly victimized "because the procreative rights of children are not sufficiently encroached upon" when their parents are persecuted); *Ai Feng Yuan v. DOJ,* 416 F.3d 192, 196–98 (2d Cir.2005) (holding that a parent or parent-in-law of a person persecuted under a coercive family-planning policy is not *per se* eligible for political asylum). Because the procreative rights of the Chens were not encroached upon when Ms. Chen's sisters were allegedly persecuted under China's coercive family-planning policies, the Chens cannot establish that they are *per se* as eligible for relief as would be Ms. Chen's allegedly victimized sisters.

■ Substantial evidence also supports the IJ's finding that the Chens failed to establish a well-founded fear of future persecution. As explained above, the Chens failed to demonstrate that they had been subjected to past persecution, and therefore they do not enjoy a presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). That determination notwithstanding, the IJ rejected Ms. Chen's claim that she might one day want to have more children as "too speculative to form a basis for future persecution," and we uphold the IJ's decision not to ground a finding of well-founded fear solely in guesses about what the future might hold for the Chens. *See Jin Zhu S–Cheng v. Ashcroft,* 380 F.3d 320, 323 (8th Cir.2004).

The IJ's rejection of the Chens' claim that, if returned to China, they would be persecuted for their illegal departures from China, was not erroneous. Although Chinese law provides for a sentence of

imprisonment if a person illegally departs the country, the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum. *See Qun Yang v. McElroy,* 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam).

Moreover, we agree with the IJ that the Chens have failed to establish that they would be persecuted based on the birth of their child in this country. There was no evidence presented to suggest that Chinese authorities would enforce the family-planning policies against a family that has one foreign-born child. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (per curiam).

■ The petitioners did not challenge the denial of their withholding-of-removal and CAT claims before the BIA, and therefore they have failed to satisfy the statutory exhaustion requirement. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

The petition for review is DENIED. Having completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).