**NA LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

**No. 04–2167.**

United States Court of Appeals, Second Circuit.

March 9, 2006.

Fengling Liu (Gerald Karikari, on the brief), New York, New York, for Petitioner, of counsel.

Christie V. Newman, Assistant United States Attorney (Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, on the brief), Columbia, South Carolina, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROGER J. MINER, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Na Li, a native and citizen of the People's Republic of China, petitions for review of an April 1, 2004 order of the Board of Immigration Appeals ("BIA") summarily affirming a December 9, 2002 decision of an Immigration Judge ("IJ"). To the extent pertinent to this petition for review, the rejected petitioner's applications for asylum and withholding of removal, under the Immigration and Nationality Act of 1952 (the "Act"). The parties' familiarity with the facts and procedural history is assumed.

We "review the decision of the IJ directly," because the BIA affirmed the IJ's decision summarily without opinion. *Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 305 (2d Cir.2003). That review is for substantial evidence, and "[w]e reverse only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. I.N.S.*, 232 F.3d 279, 287 (2d Cir.2000). To be eligible for asylum, Li has the burden of demonstrating that she is a "refugee" within the meaning of the Act, *i.e.*, that she has suffered past persecution or has a well-founded fear of future persecution on the basis

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as Respondent.

of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42); *see also Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003).

The IJ did not err in concluding that Li failed to meet this burden. The alleged sterilization of Li's mother by Chinese government officials, standing alone, does not entitle Li to asylum. *See Chen v. U.S. Dep't of Justice,* 417 F.3d 303 (2d Cir.2005) (holding that the children of individuals victimized by coercive family planning policies, unlike the victims themselves, are not *per se* eligible for immigration relief). Similarly, Li failed to produce the "credible, specific, and detailed evidence" required to establish a well-founded fear of future persecution based on her having had a child while in this country, in violation of China's family planning policy.[1] *See Huang v. U.S. I.N.S.,* 421 F.3d 125, 128 (2d Cir.2005). Given the speculative and non-probative nature of the evidence adduced by petitioner in support of this claim, the IJ was entitled to rely on the country report in concluding that her fear was not objectively well-founded. *See id.* at 129; *cf. Chen v. U.S. I.N.S.,* 359 F.3d 121, 127–30 (2d Cir.2004) (vacating and remanding, where BIA relied exclusively on country reports in determining petitioner had not established an objectively well-founded fear of persecution based on religious beliefs and ignored petitioner's direct and specific testimony of past persecution on the same grounds).

Having failed to establish entitlement to asylum, Li's claim for withholding of removal necessarily fails. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004).

We have considered Li's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is denied.

---

1. Li gave birth to her first child, a son, shortly after her hearing before the IJ. In rendering his decision, the IJ considered the effect the birth of that child would have on her claims for asylum and withholding of removal. Li has now had a second son. Although the Act prohibits successive asylum applications, 8 U.S.C. § 1158(a)(2)(c), an administrative remedy allowing an alien to "request permission to file a successive, untimely asylum application based on " 'changed circumstances which materially affect [her] eligibility for asylum' " may still be open to Li. *Guan v. B.I.A.,* 345 F.3d 47, 49 (2d Cir.2003) (quoting 8 U.S.C. § 1158(a)(2)(D)). We offer no comment on the merits, in Li's case, of such a petition.