**XUE FANG HE, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Respondents.**

No. 04–5903–ag.

United States Court of Appeals, Second Circuit.

May 10, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Eric F. Melgren, United States Attorney for the District of Kansas, Catherine A. Walter, Assistant United States Attorney, Topeka, Kansas, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. DENNIS JACOBS, and Hon. CHESTER J. STRAUB, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 10th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Xue Fang He (A 78 438 504), a citizen of the People's Republic of China, petitions for review of an order of the BIA affirming a decision of Immigration Judge ("IJ") Robert Weisel rejecting her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"[W]here the BIA summarily affirms the decision of the IJ, we review the IJ's decision directly." *Xue Hong Yang v. United States DOJ*, 426 F.3d 520, 522 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

First, He has failed to demonstrate that she suffered past persecution or that there is a likelihood that she will suffer future persecution in China. A petitioner claiming past persecution on the

basis of the sterilization of a parent does not establish "that [she is] *per se* as eligible for relief as those directly victimized themselves." *Shao Yan Chen v. United States DOJ*, 417 F.3d 303, 305 (2d Cir. 2005). To the extent that He alleges that her 80–day detention constitutes past persecution, there is no evidence in the record that anything happened to her during her detainment that might constitute persecution. Further, He did not establish that she will be persecuted in the future based on China's family planning policy, since she currently has no children, is not married, and there is no indication in the record that she plans to violate the family planning policy by having several children.

Next, He asserts that her family constitutes a "social group" within the meaning of the INA. However, even if He's family did constitute a "social group," there is no evidence in the record that her father was sterilized or her mother underwent a "ring insertion" on account of their family membership; but, rather, the record indicates that these actions were taken against them as a result of their violation of China's family planning policy.

With regard to He's fear of future persecution for fleeing China illegally, "[p]unishment for violation of a generally applicable criminal law is not persecution." *Saleh v. United States DOJ*, 962 F.2d 234, 239 (2d Cir.1992). Furthermore, He's testimony and documentation do not establish that she was mistreated in any way when she was previously detained for fleeing China illegally.

█ Finally, He's claim that the IJ and BIA erred in failing to consider that He's parents were "tortured" as a result of violating China's family planning policy, and that He was "tortured" while previously detained is meritless. With regard to her parents' treatment in China, the acts done to her parents do not establish He's eligibility for CAT relief. *See* 8 C.F.R. § 1208.16(c)(2) (stating that the "burden of proof is on the applicant . . . to establish that it is more likely than not that . . . she would be tortured if removed to the proposed country of removal"). As stated above, with regard to He's argument that her 80–day detention qualifies as past "torture," there is no indication that He was harmed in any way while she was detained.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, He's pending motion for a stay of deportation in this proceeding is DENIED as moot.