**YUN YAN ZOU, Petitioner,**

v.

**U.S. DOJ, INS, U.S. Attorney General, Respondents.**

No. 05–3599–ag.

United States Court of Appeals, Second Circuit.

Sept. 20, 2006.

Yun Yan Zou, pro se, Telford, PA, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Gina Walcott–Torres, Assistant United States Attorney, Boston, MA, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Yun Yan Zou, a native of the People's Republic of China, seeks review of a June 9, 2005 order of the BIA affirming the January 6, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Yan Zou*, No. A 79 429 595 (B.I.A. June 9, 2005), *aff'g* No. A 79 429 595 (Immig. Ct. N.Y. City Jan. 6, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for further proceedings if the agency's reasoning or its fact-finding process was sufficiently flawed and we cannot "state with confidence that the IJ would adhere to his decision if we were to remand." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ In denying Zou's claim for asylum based on her affiliation with Falun Gong, the IJ found that Zhou was not credible primarily because she could not answer questions about Falun Gong during an airport interview. Here, the record of Zou's airport interview is "sufficiently accurate" to have been a valid source used by the IJ in assessing Zou's credibility. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004).

Based on the airport interview, the IJ concluded that Zou's "testimony regarding her zealous and daily practice of Falun Gong is implausible," noting that Zou did not know the symbol of Falun Gong, did not know what Gong was, and did not know the history of Falun Gong. The IJ, however, did not mention that Zou did know who the leader of Falun Gong was. Recently, we have held that "people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets, and that those same people can be persecuted for their religious affiliation." *Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006). Yet we emphasized that there are circumstances where questions about religious doctrine are relevant to the assessment of an asylum applicant's credibility—"for instance," but not exclusively, "where an applicant claims to have been a teacher of, or expert in, the religion in question." *Id.* Unlike in *Rizal*, where the petitioner could not answer detailed questions about Christianity and the IJ did not consider whether the degree of the petitioner's knowledge was commensurate with the petitioner's personal experience with the religion, *see id.* at 87–88, 90, here the IJ explicitly considered whether Zou's lack of generalized knowledge about Falun Gong was incompatible with her testimony that she sold Falun Gong literature and was a daily practitioner for two years. Thus, *Rizal* does not suggest the IJ was in error in the instant case by relying on Zou's answers during her airport interview.

■ The IJ also found Zou's testimony regarding her identification with Falun Gong not credible for two additional reasons. First, the IJ found it implausible that Zou would feel compelled to discontinue practicing Falun Gong in public because she feared arrest by the police, but was nevertheless willing to ask strangers whether they would like to buy books about Falun Gong hidden in a relative's book cart. The IJ considered Zou's "open and notorious" sale of Falun Gong literature incompatible with her decision to practice secretly, even though Zou explained that she knowingly assumed the risk of distributing Falun Gong literature because she thought "Falun Gong is a good thing[ ]" and she wished to "introduce good things to the people." We find no error in the IJ's conclusion that Zou's admitted willingness to disseminate literature to strangers was at odds with her clandestine practice of Falun Gong.

Second, the IJ found it inconsistent that although Zou stated in her asylum application that a male friend introduced her to Falun Gong, she testified at her hearing that a female friend showed her the technique. However, the IJ noted that if the discrepancy had been isolated, he would *not* have considered it to be an "element of discord in the respondent's proof." Although the agency should have given Zou the chance to reconcile her testimony regarding the sex of the person who introduced her to Falun Gong with her asylum application, *see Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005), the IJ's primary reliance on the implausibilities discussed above allows us to "state with confidence that the IJ would

adhere to his decision if we were to remand." *Xiao Ji Chen,* 434 F.3d at 158.

■ Turning now to Zou's asylum claim based on coercive family planning, we find no error either in the IJ's exclusion of testimony regarding the sterilization of Zou's mother in 1982 after she had a second child or in the IJ's conclusion that "it is speculative as to whether anyone in China would be aware that [Zou] even had a family or had a child." We have held that there is no *per se* asylum eligibility for children whose parents were persecuted under the family planning policy. *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005). In addition, although an asylum seeker may in some cases present evidence of mistreatment of others in order to prove her own likelihood of persecution, *see Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005), here the IJ did not err by preventing Zou from testifying about her mother's alleged sterilization, where Zou, who has only one child born after her departure from China, indicated in her asylum application that her mother was sterilized after having two children more than two decades ago. Nor did the IJ err in finding that Zou's claim was speculative because "no testimony ha[d] been offered to establish that she would return to China with her child." At no point in the record does Zou do more than present evidence of her marriage and the birth of her daughter, and claim that she would "personally like to have [ ] more children."

Finally, we lack jurisdiction to review Zou's arguments regarding CAT relief because those arguments were not raised before the BIA and thus have not been exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1). *See generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. Having complet-ed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).