**CENG CENG LIM and "FNU" Hendri (a/k/a Hendri Wong), Petitioners,**

v.

**Alberto GONZALES, Respondent.**

No. 06–0168–ag.

United States Court of Appeals, Second Circuit.

Dec. 15, 2006.

Jeffrey C. Bloom, Flushing, New York, for Petitioner.

Peter W. Gaeta, Assistant United States Attorney for Christopher J. Christie, United States Attorney for the District of New Jersey, Newark, New Jersey, for Respondent.

PRESENT: Honorable THOMAS J. MESKILL, Honorable RICHARD J. CARDAMONE, Honorable REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Ceng Ceng Lim, an Indonesian national of Chinese descent, challenges that part of a BIA order adopting and affirming the September 8, 2004 decision of Immigration Judge ("IJ") Gabriel Videla that denied her application, as well as the derivative claim of her husband "FNU" Hendri, for withholding of removal.[1] *See In re Ceng Ceng Lim*, No. A 95 148 938 and *In re "FNU" Hendri*, No. A 95 148 939 (B.I.A. Dec. 28, 2005), *aff'g* Nos. A 95 148 938, 95 148 939 (Immig. Ct. N.Y. City Sept. 8, 2004). Ceng Ceng Lim asserts that the agency erred in finding her claim of past sexual harassment based on her Chinese ethnicity not to be credible and in finding her other evidence insufficient to establish a clear probability of future persecution.

In these circumstances, we review the IJ's decision directly, *see Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006), according deference to findings of fact, including credibility, that are supported by substantial evidence, *see Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003), but examining *de novo* conclusions of law including sufficiency, *see Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

To qualify for withholding of removal, an applicant must show that it is more likely than not that "her life or freedom would be threatened in the proposed country of removal on account of race, religion, nation-

---

1. Petitioner does not ask this court to review the agency decision to pretermit her related asylum application as untimely, an issue over which we likely lack jurisdiction. *See Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d 144, 154 (2d Cir.2006). Nor does she challenge the denial of her claim for relief pursuant to the Convention Against Torture. Accordingly, we deem these issues waived. *See, e.g., Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

ality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.16(b); *see also* 8 U.S.C. § 1231(b)(3)(A); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

Petitioner submits that she carried this burden by offering evidence that she suffered past sexual harassment based on her Chinese ethnicity. See 8 C.F.R. § 208.16(b)(1) (recognizing past persecution to establish rebuttable presumption of likely future persecution); *Secaida–Rosales v. INS*, 331 F.3d at 306. The IJ, however, specifically rejected this evidence as not credible. That conclusion finds support in specific record inconsistencies, *see Zhou Yun Zhang v. United States INS*, 386 F.3d 66, 74 (2d Cir.2004), notably, Ceng Ceng Lim's failure to mention any incidents of sexual harassment in either her original or amended applications for asylum. The omission, which goes to the heart of her persecution claim, *see Secaida–Rosales v. INS*, 331 F.3d at 309, is particularly conspicuous in that her first application included a typed statement detailing alleged incidents of persecution and her amended application was prepared with the assistance of counsel. To the extent petitioner attempts to explain this inconsistency as resulting from a translation error, the IJ was not persuaded, and we cannot conclude that a reasonable factfinder was compelled to credit her account. *See generally Zhou Yun Zhang v. United States INS*, 386 F.3d at 74 (noting that reviewing court "may not itself hypothesize excuses for the inconsistencies, nor may it justify the contradictions or explain away the improbabilities").

Nor can we identify error in the IJ's conclusion that petitioner's remaining credible testimony failed to establish that it was more likely than not that she would be subject to ethnic persecution if returned to Indonesia. The stone throwing incident against property and pets does not rise to the level of persecution. *See, e.g., Ivanishvili v. United States Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006); *Ai Feng Yuan v. United States Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005). In any event, that incident as well as the altercation involving Ceng Ceng Lim's brother were temporally and personally remote from the petitioner and, thus, by themselves fail to establish the likelihood that she herself would be subject to persecution. *See Shao Yan Chen v. United States Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (*per curiam*); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999); *see also Surya v. Gonzales*, 454 F.3d 874, 878 (8th Cir.2006) ("[A]ttacks on family members, absent a pattern of persecution tied to the applicant, do not establish a well-founded fear of persecution; nor do isolated acts of violence." (internal quotation marks omitted) (alteration in original)).

To the extent petitioner asserts that documentary evidence in the record demonstrates a pattern of persecution in Indonesia against Chinese Christians, the IJ properly recognized that petitioner is Buddhist, not Christian. Moreover, the documentary evidence indicates that the situation for ethnic Chinese in Indonesia has improved with racially motivated attacks dropping sharply since mid–1998.

Accordingly, because the IJ did not err as a matter of law or fact in concluding that Ceng Ceng Lim failed to qualify for withholding of removal, the petition for review of the BIA's December 28, 2005 order is hereby DENIED.