Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

JING XIN CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Respondent.

No. 06–3239–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2007.

Jing Xin Chen, New York, NY, pro se.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Angela N. Liang, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C. for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Jing Xin Chen, a native and citizen of the People's Republic of China, seeks review of a June 16, 2006 order of the BIA affirming the March 29, 2005 decision of Immigration Judge ("IJ") Sandy Hom denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Xin Chen,* No. A78 928 154 (B.I.A. June 16, 2006), *aff'g* No. A78 928 154 (Immig. Ct. N.Y. City March 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, we review the IJ's decision as the final agency determination. *See Yu Sheng Zhang v. United States Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004) (per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ To the extent Chen asserts derivative eligibility for asylum based on his mother's allegedly forced sterilization, that argument is foreclosed by *Shao Yan Chen v. United States Department of Justice,* 417 F.3d 303, 305 (2d Cir.2005) (per curiam). Chen's own procreative rights have not been affected by his mother's steriliza-

tion, *see id.*, and the harm he allegedly suffered does not rise to the level of persecution, *see Yuan v. United States Department of Justice*, 416 F.3d 192, 198 (2d Cir.2005).

As to Chen's claim that, if returned to China, he will endure certain hardships because he refused to enter into an arranged marriage with a village cadre's daughter, we need not determine whether it could be considered one of persecution based on membership in a particular social group, *cf. Hong Ying Gao v. Gonzales*, 440 F.3d 62, 70–71 (2d Cir.2006), because the IJ's adverse credibility finding relating to this issue is supported by substantial evidence. Chen testified that his father arranged for his marriage as a means to settle a 20,000 renminbi debt his family incurred after his mother's forced sterilization. He further testified, however, that he and his family were able to borrow approximately 512,000 renminbi in order to send him to the United States. When queried as to how he was able to borrow the latter sum, and not the former, Chen responded that his lenders knew he would be able to pay it when living in the United States. The IJ reasonably rejected this explanation, *see Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations unless they would compel a reasonable fact-finder to do so), in finding Chen's story implausible. Though the IJ may have erroneously relied on certain other evidence in arriving at its adverse credibility determination, because the error-free reason previously noted goes to the heart of Chen's claim and provides sufficient support for the IJ's

finding, "we can state with confidence" that remand would be futile. *See Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006).

Because Chen failed to demonstrate a well-founded fear of persecution, on any basis, he necessarily failed to meet the higher burden for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam). Finally, substantial evidence also supports the IJ's denial of Chen's CAT claim given his failure to present any evidence that would compel the conclusion that someone in his "particular alleged circumstances" was more likely than not to be tortured in China. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).