**FENG LIN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

No. 06–3971–ag.

United States Court of Appeals, Second Circuit.

March 27, 2007.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra

Phipps, Chief, Appellate Division, Judy K. Hunt, Assistant United States Attorney, Tampa, FL, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Feng Lin, a native and citizen of the People's Republic of China, seeks review of a July 27, 2006 order of the BIA affirming the March 10, 2005 decision of Immigration Judge ("IJ") Terry Bain denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Lin,* No. A97 660 102 (B.I.A. July 27, 2006), *aff'g* No. A97 660 102 (Immig. Ct. N.Y. City Mar. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Lin, an unmarried young woman who has no children and has never been pregnant, and who has not alleged any personal contact with Chinese family planning officials in the past, asserts that she has a well-founded fear of persecution under the family planning policy. Substantial evidence supports the IJ's conclusion that Lin has failed to meet her burden of proof to demonstrate eligibility for asylum or withholding of removal. As Lin ac-

knowledges in her brief, she is not *per se* eligible for asylum based on her mother's sterilization, *see Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005), nor does the fact of her mother's sterilization, by itself, suggest that she faces a heightened risk of sterilization. Moreover, the IJ reasonably found that Lin's general fears relating to future enforcement of the family planning policy were too speculative to be considered well-founded, absent any evidence in the record to suggest that someone in her particular situation was likely to face forced sterilization or comparable punishment. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (per curiam).

 Likewise, substantial evidence supports the IJ's denial of Lin's CAT claim, given her failure to present evidence that would compel the conclusion that someone in her "particular alleged circumstances" was more likely than not to be tortured, solely because she departed China illegally. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003). Lin also failed to submit any background evidence to support her claim that she might be beaten or forced into prostitution by loan sharks, or that the government would fail to protect her. The IJ reasonably found that her unsupported assertions were insufficient to establish the Chinese government's awareness and willful blindness of such abuses by the loan sharks. *Cf. Khouzam v. Ashcroft*, 361 F.3d 161, 169 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).