**JIANG ZHOU ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales, Attorney General, Respondents.**

No. 07–0304–ag.

United States Court of Appeals, Second Circuit.

July 11, 2007.

Yee Ling Poon; Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; David Schor, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Jiang Zhou Zheng, a native and citizen of the People's Republic of China, seeks review of a January 18, 2007 order of the BIA affirming the July 14, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang Zhou Zheng*, No. A 98 713 521 (B.I.A. Jan. 18, 2007), *aff'g* No. A 98 713 521 (Immig. Ct. N.Y. City, July 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as

supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ Substantial evidence supports the BIA's and IJ's determinations that Zheng failed to establish eligibility for asylum based on his claim that he distributed Falun Gong flyers in China on two occasions in October 2000. The IJ accurately noted that Zheng was never arrested, physically mistreated, or harmed in any way by the Chinese government because of these activities. The IJ reasonably found that, under these circumstances, Zheng failed to demonstrate past persecution. *See Beskovic v. Gonzales,* 467 F.3d 223, 225–27 (2d Cir.2006).

■ Additionally, the record supports the IJ's finding that Zheng failed to establish a well-founded fear of future persecution. Zheng testified that after his sole encounter with government officials in October 2000, he moved in with an aunt who lived about thirty minutes by automobile from his home. He worked at the restaurant of his aunt's friend and lived with his aunt until 2004. Zheng did not allege that he experienced further incident during this period. Likewise, Zheng's father remained in China in a different province where he continued to practice Falun Gong and to work in a factory without harm by the Chinese government. The IJ reason-

ably found that Zheng's asylum claim was undermined by these factors. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999); *see also Joaquin–Porras v. Gonzales,* 435 F.3d 172, 181 (2d Cir.2006).

■ Further, there is no indication that the IJ ignored evidence that the police were still looking for Zheng. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336, n. 17 (2d Cir.2006) (noting that a reviewing court presumes that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise). The IJ specifically noted Zheng's statement that he was told by his family in January 2001 that governmental officials had come to arrest him. [JA 60] Evidence of additional statements by Zheng's father and mother that officials were still looking for him, moreover, does not alter the conclusion that the BIA's and IJ's determinations are supported by substantial evidence. Because Zheng was unable to show the objective likelihood of persecution needed to make out an asylum claim on the basis of his distribution of Falun Gong flyers, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Substantial evidence likewise supports the BIA's and IJ's determination that Zheng failed to demonstrate eligibility for relief under the CAT based on his illegal departure from China. Zheng testified that he believed he would be jailed if returned to China in part because he was smuggled out of China. He submitted into evidence articles generally referring to the use of torture in China. However, on this record, the BIA reasonably found that Zheng failed to demonstrate that it was more likely than not that someone in his

particular alleged circumstances would be tortured in China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

■ Finally, Zheng's claim that he was denied due process because he was not permitted to present testimony concerning the severe economic disadvantage he suffered as a result of his mother's forced sterilization and fines levied on his parents is without merit. During the hearing before the IJ, Zheng's attorney asked him how his parents were persecuted. Without objection from this attorney, the IJ interceded to elicit testimony from Zheng about his distribution of the Falun Gong flyers, stating that he didn't find "what happened to [Zheng's] father" to be particularly relevant to Zheng's asylum claim. [JA 78] Thereafter, however, the IJ specifically inquired from Zheng's attorney whether Zheng had anything else to put into the record, to which she replied, "No, that's it, Your Honor." [JA 93] The record thus does not reflect that Zheng in any way objected to the IJ's focus on the Falun Gong allegations or that he attempted to alert the IJ of the need to develop further testimony. The BIA properly found that Zheng did not meet the criteria of a refugee based on his mother's forced sterilization. *See Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005) (holding that children of individuals directly victimized by family planning policies "are not *per se* as eligible for relief … as those directly victimized themselves").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).