YUN LIANG LIN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondent.

No. 07–0439–ag.

United States Court of Appeals, Second Circuit.

Aug. 21, 2007.

---

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Angela N. Liang, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Yun Liang Lin, a native and citizen of the People's Republic of China, seeks review of a January 24, 2007 order of the BIA affirming the June 7, 2005 decision of Immigration Judge ("IJ") William F. Jankun denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun–Liang Lin*, No. A98 297 845 (B.I.A. Jan. 24, 2007), *aff'g* No. A98 297 845 (Immig. Ct. N.Y. City

June 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). *See, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007) (applying standard).

■ Lin asserts that he has a well-founded fear of persecution under the Chinese family planning policy. Lin concedes that he is not married, has no children, is not involved in any romantic relationship and has not alleged any personal contact with Chinese family planning officials. We are not compelled to conclude, contrary to the IJ, that he met his burden of proof for asylum or withholding of removal. Lin is not *per se* eligible for asylum based on his mother's sterilization. *See Shao Yan Chen v. United States Dep't of Justice,* 417 F.3d 303, 304–05 (2d Cir.2005) (collecting cases). The fact that Lin's mother was sterilized, by itself, does not suggest that he—or his hypothetical future wife—faces any greater risk of involuntary sterilization. Moreover, the IJ reasonably found that Lin's general fears relating to future enforcement of the family planning policy were too speculative to be considered well-founded, absent any "credible, specific, and detailed evidence" in the record to suggest that someone in his particular situation was likely to face forced sterilization or comparable punishment. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005) (denying petition for asylum and

withholding of removal where Chinese petitioner had two children born in the United States).

 Substantial evidence also supports the IJ's denial of Lin's CAT claim, given Lin's failure to present evidence that would compel the conclusion that the Chinese government would more likely than not torture someone in Lin's "particular alleged circumstances," solely because he departed China illegally. *Cf. Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003) (denying petition of Chinese military deserter based upon a lack of evidence that such an individual, in particular, risks torture). Lin also claims that he faces torture at the hands of loan sharks who helped fund his illegal departure. However, Lin has offered no evidence, as required by the applicable regulations, that any Chinese government officials would likely inflict, instigate, consent to or acquiesce in such torture. *See* 8 C.F.R. § 208.18(a)(1) (requiring that the "pain or suffering [be] inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity").

For the foregoing reasons, the petition for review is DENIED.