**QIUDI OU–LIN, Petitioner,**

v.

**Attorney General Alberto R. GON-
ZALES, United States Department
of Justice, Respondent.**

**No. 07–0521–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 13, 2007.

Yee Ling Poon, Robert Duk–Hwan Kim,
New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney
General, Lisa Arnold, Senior Litigation

Counsel, Daniel E. Goldman, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Qiudi Ou–Lin, a native and citizen of the People's Republic of China, seeks review of a February 2, 2007 order of the BIA affirming the June 16, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiudi Ou–Lin,* No. A98 354 182 (B.I.A. Feb. 2, 2007), *aff'g* No. A98 354 182 (Immig. Ct. N.Y. City June 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

■ Ou–Lin, an unmarried young man who has no children and who has not alleged any personal contact with Chinese family planning officials in the past, asserts that he has a well-founded fear of persecution under the family planning policy. We are not compelled to conclude, contrary to the IJ, that he met his burden of proof for asylum or withholding of removal. As Ou–Lin acknowledges in his brief, he is not *per se* eligible for asylum based on his mother's sterilization, *see Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005), nor does the fact that his mother was sterilized, by itself, suggest that he—or his hypothetical future wife—faces a heightened risk of sterilization. Moreover, the IJ reasonably found that Ou–Lin's general fears relating to future enforcement of the family planning policy were too speculative to be considered well-founded, absent any evidence in the record to suggest that someone in his particular situation was likely to face forced sterilization or comparable punishment. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005).

■ Substantial evidence also supports the IJ's denial of Ou–Lin's CAT claim, given his failure to present evidence that would compel the conclusion that someone in his "particular alleged circumstances" was more likely than not to be tortured, solely because he departed China illegally. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). In any event, Ou–Lin fails to present any argument regarding this claim in his brief, and, thus, has waived it. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).