**CHANG–GAN LIN, Petitioner,**

v.

**Peter D. KEISLER,[1] Attorney General, Respondent.**

**No. 04–0882–ag.**

United States Court of Appeals, Second Circuit.

Nov. 6, 2007.

Joan Xie, New York, NY, for Petitioner.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Colm F. Connolly, United States Attorney for the District of Delaware, Wilmington, DE, for Respondent.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Chang–Gan Lin, a native and citizen of China, petitions for review of the BIA's February 11, 2004 order affirming Immigration Judge ("IJ") William F. Jankun's September 26, 2002 order denying his application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. *In re Chang Gan Lin*, No. A77 353 847 (B.I.A. Feb. 11, 2004), *aff'g* No. A77 353 847 (Immig. Ct. N.Y. City Sept. 26, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the reasoning and decision of the IJ directly, treating it as the final agency determination. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

■ Lin claims that the IJ erred in failing to consider his mother's sterilization and the persecution his family faced as a result of their violation of the family policies. Lin is not per se eligible for asylum based on the persecution his parents suf-

fered. *See Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (holding that because the procreative rights of children are not sufficiently encroached upon when their parents are persecuted under coercive family planning policies, children are not *"per se* as eligible for relief as those directly victimized, themselves"); *see also Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). Moreover, Lin was unable to show that he was personally persecuted. In his hearing before the IJ, Lin testified only as to his failure to be chosen as a class leader in the fourth grade. Although Lin might have been treated unfairly in elementary school, this mistreatment does not amount to persecution. *See Kambolli v. Gonzales*, 449 F.3d 454, 457 (2d Cir.2006).

■ The IJ also did not err in finding that Lin failed to establish a well-founded fear of future persecution. Lin's claim of future persecution based on being an "over birth child" and part of a family that violated China's family planning claim is "speculative at best." *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 155 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).[2]

Lin does not challenge the IJ's denial of his claim of future persecution based on his illegal exit from China. Issues not sufficiently argued in the briefs are consid-

---

2. Lin argues that his membership in his family constitutes "membership in a particular social group" under 8 U.S.C. § 1101(a)(42). We need not decide this issue because a peti-
tioner must also establish past persecution or a well-founded fear of future persecution based on such membership, which, as stated above, Lin has failed to do.

ered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Finally, in his appeal to the BIA, Lin failed to challenge the IJ's denial of his CAT claim. Accordingly, we lack jurisdiction to review that claim. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).[3]

For the foregoing reasons, the petition for review is DENIED.

**3.** It is of no import that the government did not argue failure to exhaust in its brief to this Court. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119 n. 18 (2d Cir.2007) (distinguishing between failure to exhaust *"issues,"* which is subject to waiver, from failure to exhaust *"categories of relief,"* which, as a matter of statutory jurisdiction, cannot be waived).

