**YI MEI FANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney**

General of the United States,[1]
Respondent.

No. 07–0877–ag.

United States Court of Appeals,
Second Circuit.

Nov. 14, 2007.

Yan Wang, New York, N.Y., for Petitioner.

Jessica E. Sherman, Trial Attorney (Cindy S. Ferrier, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Mei Fang, a citizen of the People's Republic of China, seeks review of a February 16, 2007 order of the Board of Immigration Appeals ("BIA") affirming an August 25, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo that denied Fang's application for asylum and withholding of removal. *In re Yi Mei Fang*, No. A 96 208 762 (B.I.A. Feb. 16, 2007), *aff'g* No. A 96 208 762 (Immig. Ct. N.Y. City, August 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly adopt the IJ's decision, but issues a brief opinion that closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions. *See, e.g., Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Fang testified that her mother had been forcibly sterilized after her birth, that she had been required to pay higher school

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

fees based on her parents' violation of China's one-child policy, and that she owed substantial sums of money to the smuggler who had brought her into the United States. The IJ determined that, although Fang had testified credibly, the content of her testimony was insufficient to establish past persecution or a well-founded fear of future persecution because (1) Fang herself was single and childless and (2) she did not allege that "any reprisals or persecutory acts would be performed upon her should she be unable to pay her debts in China." The BIA affirmed for substantially the same reasons.

We agree that Fang's testimony is insufficient to establish Fang's eligibility for asylum or withholding of removal. *See Shao Yan Chen v. United States Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (holding that "children are not *per se* as eligible for relief under [8 U.S.C.A. § 1101]" just because their parents have been persecuted under coercive family planning policies); *In re T–Z–*, 24 I. & N. Dec. 163, 173 (BIA 2007) (stating that "[p]ersecution requires a showing of more than mere economic discrimination" and clarifying that, to establish economic persecution, a petitioner must show that she has been subjected to "harm ... 'of a deliberate and severe nature ... that is condemned by civilized governments'" (quoting H.R.Rep. No. 95–1452, at 7, U.S.Code Cong. & Admin.News 1978, pp. 4700, 4706)).

For the foregoing reasons, Yi Mei Fang's petition for review is DENIED. As we have completed our review, Fang's pending motion for a stay of removal is DISMISSED as moot.