**Shao Yan CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and Alberto R. Gonzales, Attorney General,\* Respondents.**

**Docket No. 03–40747–AG.**

United States Court of Appeals, Second Circuit.

On Submission: May 27, 2005.

Decided: Aug. 5, 2005.

---

\* Attorney General Alberto R. Gonzales is, pursuant to Federal Rule of Appellate Procedure 43(c)(2), automatically substituted for former

Attorney General John Ashcroft as Respondent.

David X. Feng, New York, NY, Counsel for Petitioner Shao Yan Chen.

Ramon E. Reyes, Jr., Assistant United States Attorney (Sara L. Shudofsky, Assistant United States Attorney, on the brief) for David N. Kelley, United States Attorney for the Southern District of New York, New York, N.Y., Counsel for Respondents.

Before: CALABRESI, KATZMANN, B.D. PARKER, Circuit Judges.

PER CURIAM.

Petitioner Shao Yan Chen, a native and citizen of the People's Republic of China, petitions this Court for review of a September 26, 2003 decision of the Board of Immigration Appeals ("BIA") summarily affirming a June 11, 2002 decision of an Immigration Judge ("IJ") denying petitioner's applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Inhuman or Degrading Treatment or Punishment. The IJ denied petitioner's claims for relief because, *inter alia,* the IJ held that Chen could not establish eligibility for immigration relief solely on the basis of his *mother*'s alleged forced sterilization. We agree.

The BIA has, itself, held only that, under § 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"),[1] the forced sterilization or abortion of one *spouse* is an act of persecution against the other *spouse* and that, as a result, the spouses of those directly victimized by coercive family planning policies are *per se* as eligible for asylum as those directly victimized themselves. *See In re C–Y–Z–,* 21 I. & N. Dec. 915 (BIA 1997) (en banc). But in a number of recent cases, this Court has as a *de novo* matter considered the limits to the universe of others who may, pursuant to IIRIRA § 601(a), claim that they are "refugees" eligible for immigration relief on the basis of their relationships to those directly victimized by coercive family planning policies. *See Ai Feng Yuan v. U.S. Dep't of Justice,* Nos. 416 F.3d 192, 2005 WL 1745200 (2d Cir. July 26, 2005) (holding that a parent or parent-in-law of a person persecuted under a coercive family planning policy is not *per se* as entitled to relief under IIRIRA § 601(a) as those di-

---

1. That provision states that:

 [A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

 *See* Pub.L. No. 104–208, § 601(a), Title VI–A, 110 Stat. 3009–546, 3009–689 codified at 8 U.S.C. § 1101(a)(42).

rectly victimized themselves); *see also Shi Liang Lin v. U.S. Dep't of Justice,* 416 F.3d 184, 2005 WL 1791996 (2d Cir. July 29, 2005) (remanding a series of cases to the BIA for a more detailed explanation about the eligibility of "boyfriends" and "fiancés" under IIRIRA § 601(a)).

We believe that the Court's decision in *Ai Feng Yuan* must be read to preclude the *children* of those directly victimized by coercive family planning policies from establishing that they are *per se* as eligible for relief as those directly victimized, themselves. In *Ai Feng Yuan,* the Court held that parents or parents-in-law could not establish eligibility for immigration relief solely on the basis of their children's persecution because, the Court reasoned, IIRIRA § 601(a) was enacted in order to protect procreative rights and "the persecution of a couple's child or child's spouse does not impinge upon the parents' or parents-in-law's right to procreate." *Ai Feng Yuan,* 416 F.3d at 197, 2005 WL 1745200, at * 4. In our view, this reasoning dictates the results of situations in which *children* seek relief under IIRIRA § 601(a) solely in connection with their parents' persecution. That is to say, because the procreative rights of children are not sufficiently encroached upon when their parents are persecuted under coercive family planning policies, children are not *per se* as eligible for relief under § 601(a) as those directly victimized themselves.

For this reason, and because we believe substantial evidence otherwise supports the results reached by the IJ in Chen's case,[2] the instant petition for review is

DENIED and the decision of the BIA is AFFIRMED.

---

**2.** Because the BIA summarily affirmed the IJ's opinion, we review the IJ's decision directly, *see Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003), and defer to the factual determinations made therein where they are supported by "substantial evidence." *Id.* at 307.