**WEI FANG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–6397–ag.

United States Court of Appeals,
Second Circuit.

Jan. 12, 2007.

Vlad Kuzmin, New York, NY, for Petitioner.

Sheldon J. Sperling, United States Attorney for the Eastern District of Oklahoma, Gordon B. Cecil, Assistant United States Attorney, Muskogee, OK, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Wei Fang Chen, a native and citizen of the People's Republic of China, seeks review of a November 1, 2005, order of the BIA affirming the August 4, 2004, decision of immigration judge ("IJ") Brigitte La-Forest denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Wei Fang Chen*, No. A78 864 248 (B.I.A. Nov. 1, 2005). The BIA also denied sub silentio Chen's request for a remand so that the IJ could assess the likelihood of future persecution in light of the recent birth of her child and new materials suggesting that parents of one child would be subject to coercive birth control measures. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements it, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law regarding " 'what evidence will suffice to carry any asylum applicant's burden of proof.' " *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (quoting *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003)). We review agency findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The BIA and IJ reasonably determined that Chen failed to meet her burden of proof that she suffered past persecution or has a well-founded fear of persecution on the basis that her father was forcibly sterilized. *See Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (per curiam) (reasoning that because the procreative rights of children are not sufficiently encroached upon when their parents are persecuted under coer-

cive family planning policies, children are not *per se* as eligible for relief under § 601(a) as those directly victimized themselves). Moreover, Chen has not alleged that she suffered any personal harm or discrimination as a result of her father's violation of the family planning policy, or that she was targeted by the authorities for any other reason. As she failed even to allege past persecution, she was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Chen also offered no objective evidence supporting a well-founded fear of persecution.

Because Chen was unable to show that she would be subject to any form of persecution, she was also unable to show that it was more likely than not that she would be tortured upon return to China. There was no evidence in the record before the IJ tending to indicate that Chen would be punished or tortured if she were returned to her country. Therefore, the IJ's determination that Chen did not present evidence sufficient to support a claim under the CAT is substantially supported by the record. The BIA also properly denied Chen's alternative request to remand to the IJ for consideration of the birth of Chen's child in conjunction with new documentary evidence. Although Chen submitted materials suggesting that a State Department Report, which was relied on by the BIA, may have failed to accurately gauge the extent of population-control persecution in China, she did not offer any evidence that a woman in her situation—that is returning to China from abroad with a child born abroad—would have an objectively justifiable well-founded fear of persecution.

For the foregoing reasons, the petition for review is DENIED. Having complet-ed our review, we deny Chen's motion for a stay of removal as moot.