**MEI JZANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–5154–ag.

United States Court of Appeals, Second Circuit.

April 12, 2007.

**42**

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Sean B. O'Connell, Special Assistant United States Attorney, Alexandria, VA, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. PIERRE N. LEVAL, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Mei Jzang, a native and citizen of the People's Republic of China, seeks review of an October 20, 2006 order of the BIA affirming the June 15, 2005 decision of Immigration Judge ("IJ") Noel Ann Brennan denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Jzang*, No. A79 419 306 (B.I.A. Oct. 20, 2006), *aff'g* No. A79 419 306 (Immig. Ct. N.Y. City June 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and affirms the IJ's decision, then adds supplemental analysis, as it did here with Jzang's asylum and withholding claims, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review legal issues, and the application of law to fact, de novo. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see,*

*e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Jzang, an unmarried young woman who has no children and has never been pregnant, and who has not alleged any personal contact with Chinese family planning officials in the past, asserts that she has a well-founded fear of persecution under the family planning policy. We are not compelled to conclude, contrary to the IJ and BIA, that she met her burden of proof for asylum or withholding of removal. She cannot demonstrate *per se* eligibility for asylum based on her mother's sterilization, *see Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005), nor does the fact of her mother's sterilization, by itself, suggest that she faces a heightened risk of sterilization. Moreover, the IJ reasonably found that Jzang's general fears relating to future enforcement of the family planning policy were too speculative to be considered well-founded, absent any evidence in the record to suggest that someone in her particular situation was likely to face forced sterilization or comparable punishment. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Because the BIA did not adopt the IJ's analysis of Jzang's CAT claim to any extent, we review only the BIA's rationale for denying that claim. *See Yan Chen*, 417 F.3d at 271. We conclude that the BIA's denial of that claim is likewise supported by substantial evidence. The BIA reasonably found that Jzang failed to establish that she was more likely than not to be tortured based solely on the fact that she departed China illegally, and that she failed to allege any circumstances that would put her, in particular, at an elevated risk of torture. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003). The back-

ground evidence she submitted, indicating that some individuals who left China illegally are imprisoned, and that human rights violations including torture occur in Chinese prisons, is insufficient to establish that she was more likely than not to be tortured. *See Mu Xiang Lin,* 432 F.3d at 159–60. Finally, the BIA correctly noted that the 2004 State Department report indicated that individuals like Jzang, who had made only one illegal departure, might be subject to fines upon repatriation, at most, and that a fine does not amount to torture. *See San Chung Jo v. Gonzales,* 458 F.3d 104, 109–10 (2d Cir.2006). Moreover, the IJ did not violate due process by taking administrative notice of that report. It is well established that the agency may take administrative notice of current events bearing on an alien's claim, *see Qun Yang v. McElroy,* 277 F.3d 158, 163 n. 4 (2d Cir.2002), and that State Department reports are generally considered the "best available" source of information on country conditions. *See Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Given that Jzang did not object to the IJ's taking of administrative notice during her hearing, and the record evidence was in any case insufficient to sustain her burden, she cannot establish that she was denied due process. *Cf. Ajdin v. BCIS,* 437 F.3d 261, 265–66 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot, and Petitioner's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure

* Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto R. Gonzales is substituted for

34(a)(2), and Second Circuit Local Rule 34(d)(1).