JUAN LI, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–4747–ag.

United States Court of Appeals, Second Circuit.

June 7, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Hilary W. Frooman, Assistant United States Attorney, for Rodger A. Heaton, United States Attorney for the Central District of Illinois, Springfield, IL, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WELSEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Juan Li, a citizen of the People's Republic of China, seeks review of an August 2, 2005 order of the BIA denying her motion to reconsider. *In re Juan Li*, No. A79 089 293 (B.I.A. Aug. 2, 2005) (per curiam). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34.

■ Here, even assuming *arguendo* that Li's family does constitute a particular social group on which relief could be based, the BIA nevertheless would not have abused its discretion by denying her motion to reconsider. As before the BIA, Li fails to establish that she was persecuted in the past or that she possesses a reasonable fear of future persecution, whether on account of her political opinion or membership in a particular social group. *Cf. Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (per curiam) (holding that the children of those directly victimized by coercive family plan-

834

ning policies are not *per se* eligible for relief). Furthermore, the IJ's finding that Li had not otherwise suffered past persecution was supported by substantial evidence. Accordingly, Li failed to establish past persecution.

In addition, Li failed to establish that there was a reasonable possibility that the Chinese government would target her because her parents violated the birth control policy. Although the persecution of a family member may support a well-founded fear of persecution, *see, e.g., Melgar de Torres v. Reno,* 191 F.3d 307, 313 n. 2 (2d Cir.1999), the objective reasonableness of the fear is demonstrated only if the applicant is "similarly situated" to the persecuted family member. *See Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005). Here, Li is not similarly situated to her mother, where she has no children and is neither pregnant nor married. Thus, because she failed to establish *prima facie* eligibility for relief, the BIA did not abuse its discretion in denying her motion to reconsider.

For the foregoing reasons the petition for review is DENIED. The pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).