QIAO LING OU, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–3810–ag.

United States Court of Appeals,
Second Circuit.

June 11, 2007.

Oleh R. Tustaniwsky, New York, N.Y.,
for Petitioner.

Brett L. Tolman, Assistant United
States Attorney, District of Utah, Dustin
Pead, Assistant United States Attorney,
Salt Lake City, UT, for Respondent.

PRESENT: Hon. JOSEPH M.
McLAUGHLIN, Hon. JOSÉ A.
CABRANES, and Hon. REENA RAGGI,
Circuit Judges.

## SUMMARY ORDER

Qiao Ling Ou, a native and citizen of the People's Republic of China, seeks review of a June 30, 2005 order of the BIA affirming the December 8, 2003 decision of Immigration Judge ("IJ") Alan Vomacka, denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Qiao Ling Ou,* No. A97 385 344 (B.I.A. June 30, 2005), *aff'g* No. A97 385 344 (Immig. Ct. N.Y. City Dec. 8, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both opinions "for the sake of completeness" if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir. 2006). We review *de novo* questions of law and the application of law to fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ As an initial matter, we decline to reconsider, as Ou requests, our decision in *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303 (2d Cir.2005). In that case, we held that children are not *per se* eligible for asylum based on their parents' forcible abortions or sterilizations. *Id.* at 305. In reaching that holding, we noted that the purpose of recognizing forced abortion and sterilization as persecution was the protection of procreative rights. *Id.* Here, the sterilization of Ou's mother did not affect Ou's own reproductive rights or abilities. Moreover, she has not alleged

that she suffered any direct persecution or harm because of her mother's violation of China's family planning policies. Ou has thus failed to demonstrate past persecution.

■ Substantial evidence also supports the IJ's finding that Ou's claim of a well-founded fear of persecution under the family planning policy was too speculative to warrant relief. At the time of her hearing, Ou was 18 years old and unmarried, had no children, and did not allege any specific plans to have children in the near future. The fact that her mother was allegedly forcibly sterilized after bearing three children is insufficient to show that she could reasonably expect similar treatment. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (upholding denial of asylum where petitioner's fear of persecution was based solely on alleged sterilization of relative). For these reasons, the IJ correctly determined that Ou's allegations of family planning persecution were insufficient to sustain her burden for either asylum or withholding of removal.

Ou's claim for CAT relief is predicated on the same allegations of family planning persecution that underlie her asylum claim. Because Ou failed to establish the lower burden of proof required for asylum, her CAT claim also fails. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir. 2006). Finally, Ou does not challenge the IJ's and BIA's denial of CAT relief based on her illegal departure. Accordingly, that claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005) (issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DIS-

MISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).