**MU SHUI LIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Department of Justice, Respondents.**

No. 06–5681–ag.

United States Court of Appeals, Second Circuit.

Aug. 14, 2007.

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Mark C. Walters, Assistant Director, Melissa Neiman–Kelting, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of

Justice, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Mu Shui Lin, a native and citizen of the People's Republic of China, seeks review of a December 6, 2006 order of the BIA affirming the June 6, 2005 decision of Immigration Judge ("IJ") William F. Jankun denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mu–Shui Lin,* No. A98 297 843 (B.I.A. Dec. 6, 2006), *aff'g* No. A98 297 843 (Immig. Ct. N.Y. City June 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled on other grounds, Lin v. U.S. Dep't of Justice,* Docket No. 02–4611–ag, 494 F.3d 296, 2007 WL 2032066 (2nd Cir. Jul 16, 2007).

 Lin, an unmarried young man who has no children and has not alleged any contact with Chinese family planning officials in the past, asserts that he has a well-founded fear of persecution under the family planning policy. We are not compelled to conclude, contrary to the IJ, that he met his burden of proof for asylum or withholding of removal. As Lin acknowledges in his brief, he is not *per se* eligible for asylum based on his mother's sterilization. *See Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005) (per curiam). Nor does the fact that his mother was sterilized, by itself, suggest that he—or any hypothetical future wife— faces a risk of sterilization. *See generally id.* The IJ reasonably found that Lin's general fear of potential future enforcement of the family planning policy was too speculative to be considered well-founded, absent any evidence in the record to suggest that someone in his particular situation was likely to face forced sterilization or comparable punishment. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005) (per curiam).

The IJ's denial of Lin's CAT claim is also supported by substantial evidence in the record. The IJ reasonably found that Lin failed to present any evidence that someone in his "particular alleged circumstances" was more likely than not to be tortured, solely because he departed China illegally. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). Lin also failed to submit any background evidence to support his claim that he will be tortured by loan sharks, or that the government would fail to protect him. The IJ reasonably found that his unsupported assertions were insufficient to establish the Chinese government's awareness of or willful blindness to such abuses by the loan sharks. *Cf. Khouzam v. Ashcroft,* 361 F.3d 161, 171 (2d Cir.2004). For the foregoing reasons, the petition for review is DENIED.