YAN QING QIU, also known as Yanqing Qiu, Petitioner,

v.

Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondents.

No. 07–1001–ag.

United States Court of Appeals, Second Circuit.

Oct. 12, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Andrew B. Insenga, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Qing Qiu, a native and citizen of the People's Republic of China, seeks review of a February 28, 2007 order of the BIA affirming the June 11, 2005 decision of Immigration Judge ("IJ") George D. Chew, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Qing Qiu a.k.a. Yanqing Qiu,* No. A97 952 801 (B.I.A. Feb. 28, 2007), *aff'g* No. A97 952 801 (Immig. Ct. N.Y. City June 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In our view, the IJ correctly concluded Qiu failed to offer any evidence of

past persecution or a well-founded fear of future persecution. As a preliminary matter, Qiu is not automatically eligible for asylum based on the forced sterilization of her mother and aunts. *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005). Because Qiu herself did not suffer forced sterilization or comparable treatment by family planning officials, Qiu has not established that she suffered past persecution. *See Shi Liang Lin,* 494 F.3d at 309.

■ Moreover, the fact that Qiu's mother and aunts were sterilized does not by itself compel the conclusion that Qiu herself is likely to be subjected to forced sterilization. *See Shao Yan Chen,* 417 F.3d at 305. The IJ correctly concluded that Qiu's general fear of the future enforcement of the family planning policy against her was too speculative to be well-founded absent any evidence suggesting that someone in her particular situation— *i.e.,* an unmarried, childless young woman whose mother and aunts had undergone forced sterilization—was likely to face forced sterilization or comparable punishment. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005).

Qiu argues that she has a well-founded fear of future persecution based on her membership in a particular social group, asserting that, by virtue of having female relatives who have undergone forced sterilization, she belongs to "the particular social group of Chinese women of child-bearing age who desire and intend to have a large family; have relatives, who, desiring to have large families, have been force to undergo an abortion or sterilization by the Chinese government; and oppose and resist the coercive population control policy by leaving the country." However, even if the particular social group that Qiu proposes does exist, she must establish that any persecution she might suffer would be imposed *on account of* her membership in that social group; she offered no evidence to that effect. *See Hong Ying Gao v. Gonzales,* 440 F.3d 62, 68 (2d Cir.2006).

In addition, the BIA did not engage in improper fact-finding when it concluded that Qiu had not established a well-founded fear or a clear probability of persecution based on her illegal departure, but rather properly applied the law to the facts of Qiu's case. 8 C.F.R. § 1003.1(d)(3)(ii).

Accordingly, the IJ reasonably concluded that Qiu had not suffered past persecution and did not have a well-founded fear of persecution based on her opposition to China's family-planning policy, her membership in a social group, or her illegal departure from China. Because Qiu was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Finally, nothing in the record compels the conclusion that the agency failed to consider the evidence Qiu submitted in support of her CAT claim or that it erred in determining that the submitted evidence did not establish that Qiu would more likely than not be subjected to torture upon return to China. *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006). Because Qiu offered no particularized evidence that someone in her specific circumstances would more likely than not be subjected to torture, the agency properly denied Qiu's CAT claim. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005). For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate

Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).