**MEI CHAI PAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–0555–ag.**

United States Court of Appeals, Second Circuit.

Jan. 17, 2008.

■

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

Mei Chai Pan, New York, New York, pro se.

Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, J. Max Weintraub, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. REENA RAGGI, Circuit Judges.

mer Attorney General Alberto R. Gonzales as

## SUMMARY ORDER

Mei Chai Pan, a citizen of the People's Republic of China, petitions for review of a January 22, 2007 order of the BIA affirming the July 12, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum and withholding of removal. *In re Mei Chai Pan*, No. A98 347 524 (B.I.A. Jan. 22, 2007), *aff'g* No. A98 347 524 (Immig. Ct. N.Y. City July 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). In addition, when, as here, the BIA supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. United States Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

Pan argues that the agency erred in finding (1) that her past experiences with Chinese family planning officials do not amount to persecution within the meaning of 8 U.S.C. § 1101(a)(42), and (2) that she does not have a well-founded fear of future persecution based on her failure to comply

a respondent in this case.

with requirements that she undergo regular gynecological examinations.[2]

### 1. Past Persecution

Pan submits that the agency erred in failing to recognize her past required gynecological examinations as persecution. Under the totality of the circumstances, we cannot conclude that such a finding is compelled. As the IJ found, Pan had never been forced to abort a pregnancy, submit to sterilization, or wear an intrauterine device. Nor was physical force ever used to compel her submission to gynecological examinations as in *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) (concluding that petitioner established persecution through evidence that she was held down by two nurses and probed for half hour "while she resisted by kicking and screaming in fear"). Thus, while a free society respects physical autonomy, absent more, we cannot conclude that the required examinations in this case evidence past persecution. *See Ai Feng Yuan v. United States Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (citation and internal quotation marks omitted).

### 2. Future Persecution

Pan's failure to demonstrate past persecution effectively defeats her claim of a well-grounded fear of future prosecution in China. Indeed, her past experiences are consistent with a U.S. State Department report in the record indicating that Chinese family planning authorities primarily rely on economic penalties to promulgate family planning policies. The State Department report is further confirmed by Pan's "contract" with Chinese authorities, which only mentions fines for failure to attend classes or gynecological examinations. *See generally Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (noting that persecution "must rise above mere harassment"); *Matter of T–Z–*, 24 I. & N. Dec. 163 (B.I.A.2007). Thus, we conclude that substantial evidence supports the agency's finding that Pan did not establish a well-founded fear of future persecution in China. *Zhou Yun Zhang v. INS*, 386 F.3d at 73.

Because Pan was unable to show the objective likelihood of persecution needed to support an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** Pan does not challenge the agency holding that her father's forced sterilization does not qualify her for asylum. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir.2007); *see also Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005). Nor does she argue a fear of persecution based on her illegal departure from China. Accordingly, we deems these claims abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).