ZHEN YU CHEN, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

Nos. 07–1280–ag (L), 07–1517–ag (con).

United States Court of Appeals, Second Circuit.

March 10, 2008.

David Yan, Flushing, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jessica E. Sherman, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as the respondent in this case.

18

Petitioner Zhen Yu Chen, a native and citizen of the People's Republic of China, seeks review of the March 12, 2007 order of the BIA affirming the August 26, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Yu Chen*, No. A78 387 919 (B.I.A. Mar. 12, 2007), *aff'g* No. A78 387 919 (Immig. Ct. N.Y. City Aug. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision and merely supplements it, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. Furthermore, we treat these findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

As a preliminary matter, because Chen failed to raise before the BIA his argument that the IJ erred by failing to administratively close his case, and because the government has raised this failure to exhaust in its brief to this Court, we decline to consider the issue. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20, 124 (2d Cir.2007).

 We find no error in the agency's decision to deny Chen's asylum application. The agency properly concluded that Chen failed to establish past persecution where his claim relied solely on his mother's forced IUD insertion. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (citing *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308–09 (2d Cir. 2007) (en banc)); *see also Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005)(per curiam). Similarly, the agency properly found that Chen could not demonstrate a well-founded fear of persecution based on the possibility that his parents may be subjected to sterilization on account of the birth of his United States citizen sister. *See Tao Jiang*, 500 F.3d at 141; *Shao Yan Chen*, 417 F.3d at 305.

In addition, while it is true that the imposition of an exorbitant fine could constitute a " 'severe economic disadvantage' " amounting to persecution, *Matter of T–Z–*, 24 I. & N. Dec. 163, 173 (B.I.A.2007), Chen points to no specific evidence in the record that Chinese authorities would seek to fine his parents, much less that the amount of the fine would result in Chen himself (as opposed to his parents, *see Tao Jiang*, 500 F.3d at 141) suffering a severe economic disadvantage rising to the level of persecution. *See also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Similarly, Chen points to no evidence that Chinese authorities would seek to deprive him of educational opportunities or that any potential deprivation of education would be so severe as to amount to persecution. *Cf. Matter of T–Z–*, 24 I. & N. Dec. at 174–75.

Regarding Chen's asylum claim based on his illegal departure from China, we agree with the agency that he failed to identify any record evidence that Chinese authorities will impute to him any kind of political opinion for departing the country without prior authorization. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005); *see also Qun Yang v. McElroy*,

277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam).

As Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Regarding his CAT claim based on his illegal departure from China, Chen points to no record evidence that someone in his particular circumstances would more likely than not be subjected to torture. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005). Accordingly, the agency's denial of CAT relief was not improper.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.