SUMMARY ORDER

Xue Fei Chen, a native and citizen of the People’s Republic of China, seeks review of an April 7, 2008 order of the BIA, affirming the June 5, 2006 decision of Immigration Judge (“IJ”) Theresa Holmes-Simmons, who denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xue Fei Chen, No. A98 121 205 (B.I.A. Apr. 7, 2008), aff'g No. A98 121 205 (Immigr. Ct. N.Y. City June 5, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find that substantial evidence supports the agency’s denial of Chen’s application for asylum, withholding of removal, and relief under the CAT. The agency reasonably concluded that Chen, who had not personally suffered any harm as a result of his mother’s and aunt’s sterilizations, did not demonstrate that he had suffered past persecution. See Shao Yan Chen v. U.S. Dep’t of Justice, 417 F.3d 303, 305 (2d Cir.2005) (determining that “the children of those victimized by coercive family planning policies” are not per se eligible for asylum (emphasis omitted)); see also Tao Jiang v. Gonzales, 500 F.3d 137, 141 (2d Cir.2007) (stating that “an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member’s political opinion or other protected characteristic”); Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 308 (2d Cir.2007) (en banc). Further, in light of the fact that Chen is unmarried and has no children, the agency properly found his fear of persecution too speculative to merit relief. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005).
*451 The agency’s finding that Chen failed to demonstrate eligibility for relief due to his illegal departure is also supported by substantial evidence. See Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003). The agency reasonably concluded that Chen failed to submit evidence demonstrating a clear probability that he in particular would be subject to persecution upon his return to China. See Jian Xing Huang, 421 F.3d at 129. The agency also reasonably concluded that any punishment Chen may suffer for his illegal departure would not be on account of a protected ground. See Qun Yang v. McElroy, 277 F.3d 158, 163 n. 5 (2d Cir. 2002) (per curiam) (stating that “the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum”). While Chen points to evidence that those who have illegally departed are sometimes subject to detention in China and that detainees sometimes suffer mistreatment, he fails to identify any record evidence that Chinese officials will impute to him any kind of political opinion. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir.2005) (asylum applicants are required to show the persecutor’s motive through direct or circumstantial evidence).
As Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Finally, with regard to Chen’s request for CAT relief based on his illegal departure, we have held that an applicant is not “entitled to CAT protection based solely on the fact that [he] is part of the large class of persons who have illegally departed China.” Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005) (emphasis omitted); Mu-Xing Wang, 320 F.3d at 143-44. Because Chen has failed to show more than a generalized risk of mistreatment in prison, the agency did not err in finding that he failed to carry his burden of demonstrating a clear probability that he would be tortured if repatriated to China. See Mu Xiang Lin, 432 F.3d at 160.
For the foregoing reasons, the petition for review is DENIED.