**XIAO FEN LIAN, Petitioner,**

v.

**Eric HOLDER, Jr.\*, Attorney General, Respondent.**

**No. 08–1427–AG.**

United States Court of Appeals, Second Circuit.

March 3, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric Holder, Jr., is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

394

Fuhao Yang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Shelley R. Goad, Senior Litigation Counsel; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: SONIA SOTOMAYOR, REENA RAGGI, and PETER W. HALL, Circuit Judges.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xiao Fen Lian, a.k.a. Xiao Fen Lian–Jiang, a native and citizen of the People's Republic of China, seeks review of a February 22, 2008 order of the BIA affirming the June 6, 2006 decision of Immigration Judge Patricia A. Rohan denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). In *re Xiao Fen Lian–Jiang*, No. A200 038 250 (B.I.A. Feb. 22, 2008), *aff'g* No. A200 038 250 (Immig. Ct. N.Y. City June 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ We find no error in the agency's denial of Lian's asylum claim. The alleged forced sterilization of Lian's mother does not impute past persecution to Lian. *Tao Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir.2007). Nor does it compel the conclusion that Lian is likely to be subjected to forced sterilization. *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d

Cir.2005). While it is possible, even likely, that Lian will one day marry and have children, these events are still in the future and contingent upon other future events that may or may not happen. *See Jian Xing Huang v. U.S. I.N.S.,* 421 F.3d 125, 128–29 (2d Cir.2005) (finding that petitioner's fear was speculative in the absence of solid support in the record for his assertion that he would be subjected to China's coercive family planning practices). Any fear Lian has based on such remote, hypothetical events is necessarily speculative and not objectively reasonable. *See id.* Thus, given that Lian is unmarried and childless and has had no conflict with family-planning officials, the agency did not err in finding that her fear of future persecution under China's family-planning policy was too speculative to support a claim for relief. *See id.*

▪ In addition, the BIA did not err in finding that Lian failed to establish a well-founded fear of future persecution based on her membership in a particular social group. Members of a particular social group must "share a common, immutable characteristic." *See Matter of Acosta,* 19 I. & N. Dec. 211, 233 (B.I.A.1985) overruled on other grounds by *Matter of Mogharrabi,* 19 I. & N. Dec. 439 (B.I.A.1987). Moreover, membership in the group must entail a level of "social visibility" sufficient to identify members to others in the community, particularly to potential persecutors. *See Matter of A–M–E & J–G–U–,* 24 I. & N. Dec. 69, 74 (B.I.A.2007); *Gomez v. I.N.S.,* 947 F.2d 660, 664 (2d Cir.1991). "[B]roadly-based characteristics such as youth and gender" will not by themselves suffice to define a particular social group for the purposes of an asylum claim. *Gomez,* 947 F.2d at 664.

Here, Lian's proposed social group, that of "young, unmarried, financially-dependent women" whose relatives attempt to force them into arranged marriages, is based in part on the immutable characteristic of gender. *See Matter of Acosta,* 19 I. & N. Dec. at 233. However, Lian cannot automatically claim membership in a particular social group based on her status as a young woman. *See Gomez,* 947 F.2d at 664. Likewise, Lian's "financial dependence" does not identify her with sufficient particularity as the member of a social group. See *Ucelo–Gomez v. Mukasey,* 509 F.3d 70, 74 (2d Cir.2007) ("[C]lass status does not establish a social group with sufficient particularity."). There is no basis upon which to conclude that the proposed group members possess common characteristics-other than their gender and youth-that would readily identify them to potential persecutors. *See Gomez,* 947 F.2d at 664. Indeed, there is no indication that Lian will be subjected to additional attempts to force her into marriage or singled out for other mistreatment based on her membership in this proposed group. *See id.* Thus, the BIA's conclusion that Lian failed to establish her membership in a particular social group was not in error. *See, e.g., Matter of A–M–E & J–G–U,* 24 I. & N. Dec. at 74.

Because Lian was unable to show the objective likelihood of persecution required for an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Wu *Biao Chen v. I.N.S.,* 344 F.3d 272, 275 (2d Cir.2003). Moreover, this Court lacks jurisdiction to consider Lian's challenge to the agency's denial of CAT relief because Lian failed to exhaust her CAT claim because she failed to raise it on appeal to the BIA. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that

the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).