**SEN ZHENG, Petitioner,**

v.

**Eric H. HOLDER JR., United States Attorney General,\* Respondent.**

No. 08–0869–ag.

United States Court of Appeals, Second Circuit.

March 24, 2009.

---

\* Pursuant to Federal Rules of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Oleh R. Tustaniwsky, Brooklyn, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Leslie McKay, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Sen Zheng, a native and citizen of the People's Republic of China, seeks review of a January 31, 2008 order of the BIA, affirming the March 17, 2006 decision of Immigration Judge ("IJ") George T. Chew, which denied his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sen Zheng,* No. A72 929 155 (B.I.A. Jan. 31, 2008), *aff'g* No. A72 929 155 (Immig. Ct. N.Y. City Mar. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. *See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

 We find that the agency did not err in denying Zheng's application for asylum and withholding of removal based on a fear of persecution due to China's coercive birth control policy. Indeed, the agency reasonably concluded that Zheng, who had not personally suffered any harm as a result of his father's sterilization and fine, did not demonstrate that he had suffered past persecution. *See Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005) (determining that "the *children* of those victimized by coercive family planning policies" are not per se eligible for asylum); *see also Tao Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir.2007) (holding that "an asylum applicant cannot claim past persecution based solely on the harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic."). Further, in light of the fact that Zheng is unmarried and has no children, the agency properly found his fear of persecution (economic or otherwise) too speculative to merit relief. *See Jian Xing Huang v. INS,*

421 F.3d 125, 129 (2d Cir.2005). Accordingly, we find that the agency reasonably denied Zheng's application for asylum and withholding of removal on these grounds. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). In addition, to the extent Zheng based his CAT claim on the sterilization of his father, it also fails. *See In re J–S–,* 24 I & N Dec. 520 (BIA 2008).

The agency also did not err in finding that Zheng failed to demonstrate eligibility for CAT relief due to his illegal departure. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). The agency reasonably concluded that Zheng failed to submit evidence demonstrating that he in particular would be more likely than not subject to torture. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.