SUMMARY ORDER

Yong Lin, a native and citizen of China, seeks review of an August 1, 2008 order of the BIA affirming the September 6, 2007 decision of Immigration Judge (“IJ”) Dorothy Harbeck, which denied Lin’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yong Lin, No. A 200 036 333 (B.I.A. Aug. 1, 2008), aff'g No. A 200 036 333 (Immig. Ct. N.Y. City Sept. 6, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The agency did not err in denying Lin’s application for asylum, withholding of removal, and CAT relief. Lin waived his claim for withholding of removal by failing to adequately argue that claim in his brief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (finding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice). Lin also failed to exhaust his claim for CAT relief based on his illegal departure from China by failing to raise that issue before the BIA. See Theodoropoulos v. I.N.S., 358 F.3d 162, 171 (2d Cir.2004) (“at least one of the purposes served by the exhaustion requirement contained in § 1252(d) is to ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner’s claims before they are submitted for review by a federal court”). Thus, to the extent he raises that issue in this Court, we decline to review his argument. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007).
As to the agency findings that are properly before us, each was proper. The agency reasonably concluded that Lin did not suffer past persecution based on his mother’s alleged forced sterilization. See Shao Yan Chen v. U.S. Dep’t of Justice, 417 F.3d 303, 305 (2d Cir.2005) (holding that children of people persecuted under a coercive family planning policy are not per se eligible for asylum). The agency also properly concluded that, without a spouse or children, Lin’s claim that he fears future persecution because he is “able and ready” to have children is too speculative to demonstrate a well-founded fear of future persecution. See Jian Xing Huang v. INS, 421 F.3d 125, 128-29 (2d Cir.2005) (holding that, absent solid support, in the record for the petitioner’s assertion that *576 he would be subjected to forced sterilization, his fear was “speculative at best”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).