08-5942-ag
Lin v. Holder

BIA
DeFonzo, IJ
A099-539-862

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand nine.

PRESENT:
> ROGER J. MINER,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > <u>Circuit Judges</u>.

———————————————————————————————

QIAO YUN LIN,
> <u>Petitioner</u>,

> v.                                    08-5942-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
> <u>Respondent</u>.

———————————————————————————————

---

> * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Patrick A. Metcalf, Metcalf & Associates, Hoffman Estates, IL.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Kristina R. Sracic, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qiao Yun Lin, a native and citizen of the People's Republic of China, seeks review of a November 4, 2008 order of the BIA affirming the May 25, 2007 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiao Yun Lin*, No. A099-539-862 (B.I.A. Nov. 4, 2008), *aff'g* No. A099-539-862 (Immig. Ct. N.Y. City May 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen*

2

*v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008). The Court reviews questions of law and the application of law to undisputed fact *de novo*. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I. Asylum and Withholding of Removal

### A. Past Persecution

Substantial evidence supports the agency's finding that Lin failed to satisfy her burden of proof as to her application for asylum and withholding of removal. Lin argues before this Court that her refusal to submit to a mandatory gynecological exam constituted, not just other resistance to the family planning policy, but persecution. Yet, even if Lin did engage in resistance, she did not suffer persecution as a result. *See Matter of M-F-W-*, 24 I. & N. Dec. 633, 641 (BIA 2008). Indeed, Lin fled China before attending any gynecological exam.

Lin also argues that the IJ failed to consider her claims of persecution cumulatively. That argument fails because it ignores the fact that the IJ found significant

3

aspects of her claim not credible, including her assertion that she was kidnapped or arrested by a village chief as a result of her family's violation of the family planning policy. The IJ also reasonably concluded that Lin was not eligible for asylum based on the forced sterilization of her mother. *See Tao Jiang v. Gonzales*, 500 F.3d 137,140-41 (2d Cir. 2007) (citing *Shi Liang Lin*, 494 F.3d at 308-09; *Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir. 2005). Thus, we find no error in the agency's finding that Lin failed to demonstrate past persecution.

**B.   Well-Founded Fear**

To establish asylum eligibility based on a fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Substantial evidence supports the agency's conclusion that Lin failed to demonstrate a well-founded fear of future persecution based on her newly adopted practice of Christianity. The IJ reasonably noted that the record revealed that Chinese authorities permit approximately 16 million Christians in China to attend

4

sanctioned Christian churches.  In light of that fact, the IJ reasonably concluded that Lin's apprehensions over returning to China were not objectively well-founded.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Because Lin was unable to meet her burden for asylum, she has necessarily failed to meet the higher burden required for withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II.  CAT Relief**

Although Lin sets forth the standard for CAT relief in her brief before this Court, she does not challenge the basis of the IJ's denial of that relief.  Accordingly, we deem any such challenge waived.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

5