LIN CHEN, Petitioner,

v.

Eric H. HOLDER Jr., United States
Attorney General,[1] Respondent.

No. 08–3144–ag.

United States Court of Appeals,
Second Circuit.

March 13, 2009.

Koston H. Feng, New York, NY, for
Petitioner.

Gregory G. Katsas, Assistant Attorney
General; Jennifer Levings, Senior Litiga-
tion Counsel; Carmel A. Morgan, Trial
Attorney, Office of Immigration Litigation,
Civil Division, U.S. Department of Justice,
Washington, D.C., for Respondent.

PRESENT: Hon. SONIA
SOTOMAYOR, Hon. B.D. PARKER, and
Hon. DEBRA ANN LIVINGSTON,
Circuit Judges.

### SUMMARY ORDER

Lin Chen, a native and citizen of the
People's Republic of China, seeks review
of a June 10, 2008 order of the BIA affirm-
ing the August 25, 2006 decision of Immi-
gration Judge ("IJ") Patricia A. Rohan,
denying her application for asylum, with-
holding of removal, and relief under the
Convention Against Torture ("CAT"). *In
re Lin Chen,* No. A96 007 410 (B.I.A. Jun.
10, 2008), *aff'g* No. A96 007 410 (Immig.
Ct. N.Y. City Aug. 25, 2006). We assume
the parties' familiarity with the underlying
facts and procedural history of this case.

When the BIA summarily affirms the
decision of the IJ without issuing an opin-
ion, *see* 8 C.F.R. § 1003.1(e)(4), we review
the IJ's decision as the final agency deter-
mination, *see Twum v. INS,* 411 F.3d 54,
58 (2d Cir.2005); *Yu Sheng Zhang v. U.S.
Dep't of Justice,* 362 F.3d 155, 159 (2d
Cir.2004). We review the agency's factual
findings under the substantial evidence
standard. 8 U.S.C. § 1252(b)(4)(B); *see
also Manzur v. U.S. Dep't of Homeland
Sec.,* 494 F.3d 281, 289 (2d Cir.2007). "We
review *de novo* questions of law and the
application of law to undisputed fact."
*Salimatou Bah v. Mukasey,* 529 F.3d 99,
110 (2d Cir.2008).

The BIA properly found that Chen was
not eligible for asylum based on her moth-
er's forced sterilization. *See Shao Yan
Chen v. U.S. Dep't of Justice,* 417 F.3d 303,
305 (2d Cir.2005) (holding that children are
not *per se* eligible for asylum based on
their parents' forcible abortions or sterili-
zations). Further, the IJ properly found

---

1. Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Eric H.
Holder Jr. is automatically substituted for for-

mer Attorney General Michael B. Mukasey as
respondent in this case.

"speculative at best" Chen's fear of persecution based on children she plans to have in the future in violation of the family planning policy. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Accordingly, the agency's denial of her application for asylum was supported by substantial evidence.

Inasmuch as Chen failed to meet the burden of proof for asylum, she also failed to meet the higher burden of proof necessary to establish eligibility for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006). Finally, because Chen fails to challenge the BIA's denial of her application for CAT relief, we consider any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.