ZHEN HUI HUANG, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General,[1] Respondent.

No. 08–4617–ag.

United States Court of Appeals, Second Circuit.

April 27, 2009.

Vincent S. Wong, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Zhen Hui Huang, a native and citizen of the People's Republic of China, seeks review of an August 25, 2008 order of the BIA, affirming the April 25, 2007 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Hui Huang*, No. A098 595 953 (B.I.A. Aug. 25, 2008), *aff'g* A098 595 953 (Immig. Ct. N.Y. City Apr. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opin-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

ion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B). Questions of law and the application of law to undisputed fact are reviewed de novo. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, because Huang fails to challenge the agency's denial of his claim for CAT relief before this Court, any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

■ Regarding Huang's asylum and withholding claims, we find that the agency reasonably concluded that Huang was not eligible for relief as a result of his mother's sterilization. *See Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (determining that "the children of those victimized by coercive family planning policies" are not per se eligible for asylum); *see also Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir.2007) (holding that "an asylum applicant cannot claim past persecution based solely on the harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic."). In addition, Huang does not challenge the agency's finding that the damage done to his home and the fine imposed on his family did not rise to the level of past persecution. Therefore, we deem waived any such challenge. *See Yueqing Zhang*, 426 F.3d at 545 n. 7.

■ The agency also did not err in finding that Huang failed to demonstrate eligibility for relief due to his departure from China with the aid of a snakehead and subsequent illegal entry into the U.S. Huang testified that he legally departed China with his own passport, and while Huang alleges that he will be punished in China for illegally entering the U.S. and for illegally hiring a smuggler, Huang has not provided evidence that such acts result in mistreatment. Thus, Huang's fear was too speculative to establish his entitlement to relief. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). As a result, we shall not disturb the agency's denial of Huang's claims for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.